UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24013-DPG

ROBERT DOYLE, individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

FLORIDA HEALTH SOLUTION, CORP.,
a Florida Corporation,

      Defendant.
_____/

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO DISMISS OR STAY [ECF NO. 20]**

      Defendant Florida Health Solution, Corp. ("Florida Health"), by counsel, notifies the Court of the following supplemental authority in support of its *Motion to Dismiss First Amended Complaint, or Alternatively, to Stay Proceedings Pending the U.S. Supreme Court's Decision in Barr v. Am. Assoc. of Political Consultants* ["Motion"; ECF No. 20]: *Lacy v. Comcast Cable Communications, LLC*, No. 19-cv-05007-RBL, 2020 WL 2041755 (W.D. Wash. April 28, 2020), a copy of which is attached hereto as **Exhibit A.**

      Courts around the country, like *Lacy*, continue to stay putative class actions brought pursuant to the Telephone Consumer Protection Act ("TCPA") based on allegations of the use of an automatic telephone dialing system or an artificial or prerecorded voice – like this case – pending the outcome of the U.S. Supreme Court's decision in *Barr* (as advocated for by Florida Health in the Motion). In *Lacy*, the Court "join[ed] the other district courts that have briefly stayed TCPA cases pending the U.S. Supreme Court's decision in [*Barr*]," and in so doing, noted the following:

1

2

- A decision in *Barr* is expected this term, and "the Supreme Court's actions in scheduling oral argument in *Barr* "despite the Coronavirus pandemic… suggest[s] that a stay would be brief." *Lacy*, 2020 WL 2041755, at *2.

- *Barr* will "provide useful guidance" to the issues at hand. *Id.*

- The Court was "unpersuaded by [plaintiff's] arguments that a short stay would cause him substantial harm" because plaintiff and the class are not "in a position needing immediate relief," but "[i]n contrast, if a stay was denied but [*Barr*] struck down the automated-call restriction, [defendant] could end up needlessly spending time and money." *Id.*

| | |
|---|---|
| Date: April 29, 2020 | Respectfully submitted,<br><br>**AKERMAN LLP**<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, Florida 33131<br>Tel: (305) 374-5600<br>Fax: (305) 374-5095<br><br>*/s/ Jeffrey B. Pertnoy*<br>Jeffrey B. Pertnoy (FBN 91939)<br>jeffrey.pertnoy@akerman.com<br>Lawrence D. Silverman (FBN 7160)<br>lawrence.silverman@akerman.com |