# Exhibit A

2020 WL 2041755
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington.

DOUGLAS LACY, on behalf of himself and all others similarly situated, Plaintiff,
v.
COMCAST CABLE COMMUNICATIONS, LLC, Defendant.

CASE NO. 3:19-cv-05007-RBL
|
04/28/2020

this th day, Ronald B. Leighton, United States District Judge

ORDER ON MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER DKT. # 56

**\*1** THIS MATTER is before the Court on Defendant Comcast Cable Communications, LLC's Motion for Stay or, in the alternative, for Protective Order. Dkt. # 56. This is a Telephone Consumer Protection Act case arising from over 100 alleged unwanted calls Lacy received from Comcast. Second Amended Complaint, Dkt. # 46, at 2. Lacy seeks to certify a nationwide class including "[e]ach person within the United States who (1) received a nonemergency call to his or her cellphone number; (2) from Comcast and/or its agents on behalf of Comcast; (3) through the use of an ATDS and/or an artificial or prerecorded voice; and (4) which call was directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of the calls." *Id*. at 6-7. He asserts two claims based on 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii), which make it a TCPA violation to use an automatic dialing system or artificial voice to call someone without prior consent.

Comcast now requests that the Court stay this case pending the outcome of *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 812 (2020) ("*AAPC*"). Alternatively, Comcast asks that the Court enter a protective order against Lacy's discovery into personally identifying information.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In considering a motion to stay, the Court must balance the competing interests that a grant or a refusal will affect." *Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-05307, 2016 WL 51747, at \*5 (W.D. Wash. Jan. 5, 2016) (Leighton, J.) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In particular, courts "consider[ ] the possible damage that might result from a grant, the hardship or inequity a party might suffer by advancing the case, and the orderly course of justice measured by the simplification or complication of the issues, proof, and questions of law that could result from a stay." *Id.* The party requesting the stay bears the burden of showing it is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). " '[I]f there is even a fair possibility that the stay...will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' " *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, Comcast argues that a stay is warranted because, in *AAPC*, the Supreme Court will address "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment," and therefore "whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute" or deem the entire automated-call restriction in § 227(b) unconstitutional. Question Presented, Dkt. # 56-1. The latter outcome would be dispositive for Lacy's claims.

**\*2** Some other district courts have stayed TCPA cases on this basis. *Nakai v. Charter Commc'ns, Inc.*, No. CV 19-8035-GW-SSX, 2020 WL 1908949, at \*6 (C.D. Cal. Apr. 15, 2020); *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL

1939702, at *2 (D. Md. Apr. 22, 2020); *Seefeldt v. Entm't Consulting Int'l*, No. 19-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020); *Wright v. eXp Realty, LLC*, No. 18-01851, Dkt. No. 99 at 2 (M.D. Fla. Feb. 7, 2020). As one court observed, oral argument in *AAPC* has been scheduled for some time in May and a decision is expected in June. *Nakai*, 2020 WL 1908949, at *6; *see also Boger*, 2020 WL 1939702, at *2 ("The current term will conclude at the end of June, and no information suggests this timeline for resolution of *AAPC* will change further." (citing The U.S. Supreme Court Press Release, April 3, 2020, https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-03-20)).

In opposition, Lacy argues that it is unlikely the Supreme Court will go so far as to invalidate the entire automated-call restriction in the TCPA. See *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156 (9th Cir. 2019) (severing government-debt exception but leaving the remainder of the TCPA untouched); *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 171 (4th Cir. 2019) (same). Further, Lacy points out that he stands to suffer damage if a stay is granted because it would further delay resolution of this case and could result in class members' contact information becoming outdated. In contrast, Lacy asserts that Comcast has not demonstrated substantial hardship if a stay is denied.

Despite agreeing with Lacy that the Supreme Court is unlikely to invalidate the TCPA's automated-call restriction, a stay is nonetheless warranted. First, while circuit courts have chosen to sever the government-debt exception based on the TCPA's severability clause, 47 U.S.C. § 608, it would be unwise to predict the Supreme Court's course of action with any certainty. The opinion in *AAPC* may provide useful guidance in this case. Second, despite the Coronavirus pandemic, the Court has gone ahead and scheduled a May telephonic oral argument in *AAPC*, suggesting that a stay would be brief.

Third, the Court is unpersuaded by Lacy's arguments that a short stay would cause him substantial harm. While any delay is undesirable for a plaintiff, Lacy has not shown that he or the class he seeks to represent are in a position needing immediate relief. In contrast, if a stay was denied but *AAPC* struck down the automated-call restriction, Comcast could end up needlessly spending time and money to comply with Lacy's broad discovery requests. Balancing these interests, this Court joins the other district courts that have briefly stayed TCPA cases pending the Supreme Court's decision in *AAPC*. Comcast's Motion for Stay is GRANTED and this case is STAYED.

IT IS SO ORDERED.

Dated this 28th day of April, 2020.

A

Ronald B. Leighton United States District Judge

**All Citations**

Slip Copy, 2020 WL 2041755

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.