UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-24013-GAYLES/OTAZO-REYES

**ROBERT DOYLE**,

      Plaintiff,

v.

**FLORIDA HEALTH SOLUTION, CORP., and MOBILITY TECHNOLOGIES USA, CORP.,**

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Florida Health Solution Corp.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"), [ECF No. 44], and Defendant Florida Health Solution Corp. Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint ("Supplemental Motion to Dismiss"), [ECF No. 67], (collectively, the "Motions"). This Court has considered the Motions and the record and is otherwise advised. For the reasons that follow, the Supplemental Motion to Dismiss is denied, the Second Amended Complaint is dismissed against Defendant Florida Health Solution Corp. ("FHS") as a shotgun pleading, and the Motion to Dismiss is denied as moot.

## BACKGROUND

On September 27, 2019, Plaintiff Robert Doyle ("Plaintiff") filed this class action against FHS for violations of the Telephone Consumer Protection Act ("TCPA"). [ECF No. 1]. On February 25, 2020, Plaintiff filed an Amended Complaint against FHS, again alleging violations of the TCPA. [ECF No. 18]. FHS moved to dismiss the Amended Complaint or, in the alternative, to stay the proceedings pending the Supreme Court's decision in *Barr v. Am. Assoc. Political*

*Consultants* [ECF No. 20]. The Court granted the motion in part and stayed the action. [ECF No. 26]. On July 6, 2020, the Supreme Court issued its decision in *Barr*, holding that the government-debt exception to the TCPA was unconstitutional. *Barr v. Am. Assoc. Political Consultants,* 140 S. Ct. 2335 (2020). The Court then lifted the stay in this matter. [ECF No. 32].

On September 22, 2020, Plaintiff filed a Second Amended Complaint (the "SAC"), adding Mobility Technologies USA, Corp. ("Mobility") as a defendant. [ECF No. 40]. Plaintiff alleges that FHS sells "credit health savings plans" and that Mobility transmits telemarketing calls on behalf of its clients, including FHS. *Id.* at ¶¶ 12, 14. However, for the bulk of the SAC, Plaintiff does not differentiate between FHS and Mobility and merely alleges that "Defendants" used prerecorded telemarketing calls to market Defendants' business. *See e.g. id.* at ¶¶ 20, 24, 27-28, 33-36, 38-40. The SAC sets forth two counts for violations of the TCPA: Count I against FHS and Count II against Mobility.[1]

On November 1, 2020, FHS moved to dismiss the SAC arguing that it fails to adequately allege a violation of the TCPA and that the McCarran-Ferguson Act precludes application of the TCPA to FHS. [ECF No. 44].[2] On February 5, 2021, FHS filed the Supplemental Motion to Dismiss arguing the Supreme Court's ruling in *Barr* rendered the entire TCPA invalid and, as a result, destroyed this Court's federal question subject matter jurisdiction over Plaintiff's claims.

## DISCUSSION

**I.    Jurisdiction**

At the outset, the Court must determine whether it has subject matter jurisdiction over this action. *See Kirkland v. Midland Mortg. Co.*, 243 F. 3d 1277, 1279-80 (11th Cir. 2001) ("Federal

---

[1] On November 3, 2020, the Clerk entered a default against Mobility for failure to answer or otherwise respond to the SAC. [ECF No. 47]. Therefore, the SAC shall be dismissed as to FHS only.
[2] Plaintiff moved to strike the Motion to Dismiss as untimely. Because the Court finds the SAC to be a shotgun pleading, the Motion to Dismiss [ECF No. 44] and Plaintiff's Motion to Strike [ECF No. 46] shall be denied as moot.

courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding."). Plaintiff brought this action pursuant to the TCPA, and the only alleged basis for this Court's jurisdiction is based on federal question jurisdiction. The TCPA prohibits a person from using an autodialer and/or a prerecorded voice to call any telephone number for telemarketing purposes, without proper consent. 47 U.S.C. § 227(b). These calls are often referred to as "robocalls." In November 2015, Congress amended the TCPA to carve out an exception permitting robocalls if made for the purpose of collecting a government debt. 47 U.S.C. § 227(b)(1)(A)(iii). In *Barr*, the Supreme Court ruled that the government-debt exception impermissibly favored debt-collection speech over political and other speech in violation of the First Amendment. *Barr*, 140 S. Ct. at 2343. The Court found the exception was unconstitutional and severed it from the remainder of the statute. *Id.* at 2355.

FHS argues that the Court lacks subject matter jurisdiction because the entire TCPA was rendered invalid by *Barr*. According to FHS, Plaintiff cannot assert claims based on conduct that occurred while the TCPA was invalid. FHS's argument is without merit.

"Generally speaking, when confronting a constitutional flaw in a statute, [courts] try to limit the solution to the problem, severing any problematic portions while leaving the remainder intact." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 508 (2010) (quotations omitted). Before severing a statutory provision, the court must determine whether the remaining provisions are capable of functioning independently. *Id.* at 510. As the Supreme Court explained in *Barr*, the "robocall restriction [] function[ed] independently and fully operate[d] as a law for 20-plus years before the government-debt exception was added in 2015." *Barr*, 140 S. Ct. at 2353. Therefore, severing the government-debt exception does not destroy the pre-existing robocall restriction.

3

"[A]n unconstitutional statutory amendment is a nullity and void when enacted, and for that reason has no effect on the original statute." *Trujillo v. Free Energy Savings Co., LLC*, No. 5:19-cv-02072-MCS-SP, 2020 WL 8184336, *4 (C.D. Cal. December 21, 2020) (quotations omitted). Thus, robocalls made between November 2015 and July 2020, not made for the purpose of collecting a government debt, are enforceable under the TCPA. *See Barr*, 140 S. Ct. at 2355 fn. 12 ("[A]though our decision means the end of the government-debt exception . . . our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction."); *see also Rieker v. Nat'l Car Cure, LLC*, No. 3:20CV5901-TKW-HTC, 2021 WL 210841, at *1 (N.D. Fla. Jan. 5, 2021) ("[T]he robocall statute remains enforceable, at least against non-government-debt collectors, as to calls made between 2015 and [July] 2020."). Therefore, the Court has subject matter jurisdiction over Plaintiff's TCPA claims.

**II.   Shotgun Pleading**

The Court has reviewed the SAC and finds that it violates federal pleading standards. To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The federal pleading standards thus "require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and . . . the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

"Complaints that violate Rule 8(a)(2) or 10 are often disparagingly referred to as shotgun pleadings." *Id.* (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[ ] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (internal quotations and citations omitted).

Here, the SAC is an impermissible shotgun pleading because it lumps together the "Defendants" without identifying which of the Defendants is responsible for specific acts or omissions. As a result of these pleading deficiencies, the Court is unable to ascertain whether Plaintiff has stated a claim against both defendants. Therefore, the SAC shall be dismissed against FHS without prejudice as an impermissible shotgun pleading.[3]

---

[3] Because the Court finds that the Complaint is a shotgun pleading, it does not address FHS's additional arguments regarding the sufficiency of the allegations. However, the Court notes that Plaintiff appears to sufficiently allege the elements of a TCPA claim. Moreover, it does not appear that the McCarran-Ferguson Act precludes applicability of the TCPA to FHS.

## CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** that:

1. Defendant Florida Health Solution Corp. Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 67] is **DENIED.**

2. The Second Amended Complaint is **DISMISSED against FHS** without prejudice. Plaintiff shall file a Third Amended Complaint on or before June 11, 2021.

3. Defendant Florida Health Solution Corp.'s Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 44] and Plaintiff's Motion to Strike Motion to Dismiss Second Amended Complaint are **DENIED as MOOT.**

4. Defendant Florida Health's Motion to Stay Discovery [ECF No. 78] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE