UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-24013-CIV-GAYLES/OTAZO-REYES

ROBERT DOYLE,

    Plaintiff,

v.

FLORIDA HEALTH SOLUTIONS, CORP.,
a Florida Corporation, and MOBILITY
TECHNOLOGIES USA, CORP., a Florida
Corporation,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT

THIS CAUSE came before the Court for Show Cause Hearing held on July 8, 2021 pursuant to the Order Setting Show Cause Hearing ("Show Cause Hearing Order") [D.E. 109] on Plaintiff Robert Doyle's ("Plaintiff") Notice of Hearing to Enforce Mobility Technologies USA, Corp.'s ("Mobility") Compliance with Subpoena ("Notice of Hearing") [D.E. 103]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 36].

For the reasons stated below, the undersigned respectfully recommends that Mobility, a defaulted Defendant, be held in contempt of court based upon its failure to comply with Plaintiff's Subpoena to Produce Documents; its failure to appear at the June 17, 2021 telephonic hearing pursuant to the Notice of Hearing; and its failure to comply with the Show Cause Hearing Order directing it to appear via Zoom at the July 8, 2021 Show Cause Hearing; and that a fine of $100 per day be imposed upon Mobility until it purges itself of the contempt.

## CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e), the undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and which are certified as establishing contempt of court.[1]

1. On June 8, 2021, Plaintiff filed its Notice of Hearing [D.E. 103], stating that Mobility had failed to comply with the Subpoena to Produce Documents that was served on January 22, 2021 on Jorge M. Reyes-Montoya ("Mr. Reyes-Montoya"), President of Mobility; and requesting that the Court enter an Order compelling Mobility to fully comply with the Subpoena. See Notice of Hearing [D.E. 103 at 1].

2. Plaintiff served Mobility with a copy of its Notice of Hearing and the Clerk's Notice of the telephonic hearing instructions. See Plaintiff's Certificate of Service [D.E. 107].

3. Mobility failed to appear at the June 16, 2021 hearing. See Paperless Minute Entry [D.E. 108].

4. On June 17, 2021, the Court directed:

   a. Mobility to appear via Zoom video conference before the undersigned on July 8, 2021, at 2:30 p.m., to show cause why it should not be held in contempt of court for failing to comply with Plaintiff's Subpoena to Produce Documents and for failing to appear at the June 17, 2021 telephonic hearing; and

   b. Plaintiff to effectuate service of the Show Cause Hearing Order and the Court's instructions for the Zoom video conference prior to the Show Cause Hearing.

See Show Cause Hearing Order [D.E. 109].

5. On July 1, 2021, Plaintiff filed a Certificate of Service [D.E. 111] stating that on June 24, 2021, a copy of the Show Cause Hearing Order and a copy of the email with instructions

---

[1] These facts are established by the record and by the representations of Plaintiff's counsel at the July 8, 2021 Show Cause Hearing.

for the Zoom video conference had been delivered via U.S. priority mail to Mr. Reyes-Montoya, President of Mobility, at 7661 N.W. 107th Ave., #801, Doral, Florida 33178.  See USPS Delivery Confirmation [D.E. 111-1 at 3].

6. On July 8, 2021, Plaintiff filed a Supplemental Certificate of Service, which attached a copy of all of the documents that were served on Mobility on June 24, 2021 [D.E. 113].

7. At the Show Cause Hearing, Plaintiff's counsel confirmed that a copy of the Show Cause Hearing Order and a copy of the instructions for the Zoom video conference were served on Mobility on June 24, 2021.[2]

8. A corporate representative of Mobility failed to appear at the July 8, 2021 Show Cause Hearing notwithstanding Plaintiff's mailing of the Show Cause Hearing Order and Zoom video conference instructions to Mobility, which sufficiently placed Mobility on notice of the July 8, 2021 Show Cause Hearing.

## **FINDINGS**

Based on the foregoing Certified Facts, the undersigned finds, by clear and convincing evidence, that Mobility: (1) failed to comply with Plaintiff's Subpoena to Produce Documents; (2) had notice of the June 16, 2021 telephonic hearing and failed to appear; and (3) had notice of the Show Cause Hearing Order and failed to appear for the July 8, 2021 Show Cause Hearing as required.

The Court's power to find Mobility in civil contempt for failure to comply with Plaintiff's Subpoena to Produce Documents, the Notice of Hearing requiring appearance on June 16, 2021, and the Show Cause Hearing Order stems from its inherent power to enforce compliance with its

---

[2] Although the Zoom video conference instructions are redacted in the Court filing [D.E. 113], Plaintiff's counsel represented at the Show Cause Hearing that they had been sent unredacted to Mobility.

lawful orders.  See United States v. Barnette, 129 F.3d 1179, 1182 n.7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991)).   Under the circumstances of this case, the undersigned finds that the only way to obtain compliance with Plaintiff's Subpoena to Produce Documents and its failure to appear before the undersigned is to find Mobility in civil contempt, and to impose upon it a fine of $100 per day until it purges itself of the contempt.

## **RECOMMENDATION**

Based on the foregoing factual findings and legal authorities, the undersigned RESPECTFULLY RECOMMENDS that the District Court: (1) enter an Order holding Mobility in civil contempt for: failure to comply with Plaintiff's Subpoena to Produce Documents; failure to appear at the June 17, 2021 telephonic hearing; and failure to comply with the Show Cause Hearing Order directing it to appear by Zoom at the July 8, 2021 Show Cause Hearing; and (2) impose upon Mobility a fine of $100 per day until it purges itself of the contempt by complying with Plaintiff's Subpoena to Produce Documents and explains its non-appearance before the undersigned.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 9th day of July, 2021.

*[Signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Darrin P. Gayles
Counsel of Record

Copies furnished via U.S. Mail to:

Jorge M. Reyes-Montoya, President
Mobility Technologies USA, Corp.
7661 N.W. 107th Ave., #801
Doral, Florida 33178